DA 12-0709

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 31N

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

JUSTIN PATRICK CAPES,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 11-033
Honorable Richard A. Simonton, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Kristen L. Larson, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Micheal S. Wellenstein,
David Ole Olson, Assistant Attorneys General; Helena, Montana

          Olivia Norlin-Rieger, Dawson County Attorney; Helena, Montana


                          Submitted on Briefs:  January 15, 2014
                                    Decided:  February 4, 2014


Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Justin Patrick Capes appeals the order of the Montana Seventh Judicial District Court designating him a Level III sexual offender, and also challenges certain conditions of his written sentence. We affirm in part and remand in part.

¶3 In 2004, when Capes was 24 years old, he had sexual intercourse with a 14-year-old female. He was charged with felony sexual intercourse without consent and, following a psychosexual evaluation performed by Michael D. Sullivan, was designated a Level I sexual offender. In November 2005 Capes was sentenced to the Department of Corrections for six years, with four years suspended. While incarcerated Capes underwent sexual offender treatment. He completed his time in custody in February 2007.

¶4 In June 2011, the State charged Capes with two counts of sexual abuse of children based upon Capes' possession and distribution of images of children engaged in sexual conduct. Subsequently, Capes entered into a plea agreement and the State amended its Information, charging Capes with a single count of distributing child pornography, in violation of § 45-5-625(1)(d), MCA (2009). Capes underwent a second psychosexual

2

evaluation by Sullivan. Sullivan concluded that Capes was "most appropriately conceptualized as a High Risk or Level III Sexual Offender." Sullivan premised his conclusion, in part, upon the fact that the instant offense occurred while Capes was serving the remainder of his 2005 suspended sentence, was within five years of his release from his previous sexual charge, and took place while Capes was participating in out-patient sexual offender treatment.

¶5 The District Court conducted a sentencing hearing on September 10, 2012, at which Sullivan testified as an expert regarding Capes' evaluation results, including emotional and psychological functioning, sexual history and interests, and various personality deficits. Sullivan stated that he believed Capes satisfied the definition of a "sexually violent predator" and that Capes was a pedophile. Additionally, Wally Peter, the probation/parole officer who submitted the pre-sentencing investigation report on Capes to the District Court, testified and concurred with Sullivan's designation opinion. At the conclusion of the sentencing hearing and in accordance with the plea agreement, the District Court sentenced Capes to 100 years in Montana State Prison with 85 years suspended, with a 15-year parole restriction, and imposed specific probation conditions. The District Court also designated Capes a Level III sexual offender. Capes appeals this designation and certain probation conditions contained in his written sentence but not in the court's oral pronouncement of sentence.

¶6 A district court exercises considerable discretion in designating a sex offender level pursuant to § 46-23-509(3), MCA. We therefore review the court's designation for an abuse of discretion. *State v. Hill*, 2009 MT 134, ¶ 22, 350 Mont. 296, 207 P.3d 307.

The test for an abuse of discretion is "whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." *In re C.D.H.* 2009 MT 8, ¶ 21, 349 Mont. 1, 201 P.3d 126.

¶7 The District Court had ample evidence from Sullivan and Peter to support designating Capes a Level III offender, and Capes has failed to show that the court abused its discretion. We therefore affirm the court's tier designation.

¶8 Capes argues, and the State concurs, that the District Court erred in including various costs and fees in Capes' written sentence and judgment that were not included in the oral pronouncement of Capes' sentence. It is well-established that "the oral pronouncement of a criminal sentence in the presence of the defendant is the 'legally effective sentence and valid, final judgment' and that the written judgment is merely evidence of the oral sentence." *State v. Johnson*, 2000 MT 290, ¶ 15, 302 Mont. 265, 14 P.3d 480 (citations omitted). We therefore remand this matter to the District Court to strike sentencing condition "m.7" from Capes' written sentence and judgment. Additionally, the District Court assured Capes he would receive credit for time served while awaiting his sentencing hearing. Such credit was not reflected in Capes' written sentence and judgment. On remand, the court is also instructed to ensure that Capes' sentence is credited for the four days he served prior to sentencing.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The sexual offender designation is a matter of judicial discretion and there clearly was not an abuse of discretion.

4

¶10     We affirm in part and remand in part.

                                        /S/ PATRICIA COTTER


We concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE